UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____

JESUS GONZALEZ,

    Plaintiff,

v.

GAIDO'S OF GALVESTON, INC.,

    Defendant.

_____/

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant GAIDO'S OF GALVESTON, INC., by and through its undersigned counsel, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, hereby removes to this Court the cause of action currently pending in the County Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida styled *Jesus Gonzalez v. Gaido's of Galveston, Inc.,* Case No. 2024-176137-CC-25, and says:

**Introduction**

1. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 because Plaintiff's cause of action arises under the laws of the United States.

2. This action was commenced on or about September 10, 2024, when Plaintiff filed his complaint in the County Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. A true and correct copy of Plaintiff's complaint is attached hereto as Exhibit "A."

3. The Clerk of Court issued a summons to Defendant on September 13, 2024, and Defendant was served with the summons and complaint on September 20, 2024. A true and correct copy of the summons as served on Defendant is attached hereto as Exhibit "B."

**Removal is Proper Based on Federal Question Jurisdiction**

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 because Plaintiff's cause of action arises under the laws of the United States.

5. More specifically, Plaintiff's complaint expressly arises under Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12181 et seq. ("Title III" of the "ADA").

6. Federal question jurisdiction exists whenever "federal law creates the cause of action." Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 808 (1986). See also Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (federal jurisdiction exits when a federal question is presented on the face of the plaintiff's complaint).

7. Here, federal question jurisdiction is clear and irrefutable. Plaintiff's complaint expressly alleges a cause of action under Title III of the ADA.

**Procedural Requirements**

8. This notice of removal is being properly filed in the Southern District of Florida, since this is the district court of the United States within which the state court action is pending. See 28 U.S.C. § 1446(a).

9. This notice of removal is being timely filed with this Court within thirty (30) days after Defendant was served with the summons and Plaintiff's complaint. See 28 U.S.C. § 1446(b).

10. A copy of this notice of removal is being filed with the state court where this action is pending and notice thereof is being given to all adverse parties "promptly after" the filing of the notice of removal in this Court. See 28 U.S.C. § 1446(d).

11. Pursuant to 28 U.S.C. § 1446(a), attached hereto as Exhibit "A" and Exhibit "B" are true and correct copies of Plaintiff's complaint and the summons that was served on Defendant, respectively.

## **No Waiver of Defenses nor Admission of Plaintiff's Allegations**

12. By filing this notice of removal, Defendant does not (a) waive or limit any available defenses or (b) admit or concede any of the allegations set forth in Plaintiff's complaint.

WHEREFORE, Defendant respectfully requests that this Court exercise jurisdiction over this action.

Dated:   October 9, 2024              Respectfully submitted,


*s/ Adam S. Chotiner*
Adam S. Chotiner, Esq.
Florida Bar No. 0146315
E-Mail:  achotiner@sbwh.law
SHAPIRO, BLASI, WASSERMAN & HERMANN, P.A.
7777 Glades Road, Suite 400
Boca Raton, FL 33434
Tel:  (561) 477-7800
Fax:  (561) 477-7722

*Counsel for Defendant Gaido's of Galveston, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 9, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF and/or via email.

*s/ Adam S. Chotiner*
ADAM S. CHOTINER, ESQ.

**SERVICE LIST**

*Jesus Gonzalez v. Gaido's of Galveston, Inc.*
Case No. _____
United States District Court, Southern District of Florida

| | |
|---|---|
| Nolan Klein, Esq.<br>E-Mail: klein@nklegal.com<br>Law Offices of Nolan Klein, P.A.<br>5550 Glades Road, Suite 500<br>Boca Raton, FL 31431<br>Tel:  (954) 745-0588<br>Fax:  (877) 253-1691<br>Counsel for Plaintiff<br>*Via CM-ECF and/or Email* | Adam S. Chotiner, Esq.<br>E-Mail: achotiner@sbwh.law<br>Shapiro, Blasi, Wasserman & Hermann, P.A.<br>7777 Glades Rd., Suite 400<br>Boca Raton, FL 33434<br>Tel:  (561) 477-7800<br>Fax:  (561) 477-7722<br>Counsel for Defendant<br>*Via CM/ECF* |